Hart, J.
Tbe immediate question before this court is whether tbe trial court was justified in directing a verdict for tbe defendant.
Due to the infinite variety of circumstances under wbicb an employee of an independent contractor may be injured while working for tbe contractor on tbe premises of tbe owner thereof employing tbe contractor, tbe law as to tbe liability of the owner for such injuries is in some confusion. Tbe plaintiff claims tbe rule here applicable is stated, as follows, in tbe first paragraph of the syllabus in Bosjnak v. Superior Sheet Steel Co., 145 Ohio St., 538, 62 N. E. (2d), 305:
“An employee of an independent contractor, while engaged in tbe erection of a building upon premises, tbe possession and control of wbicb are retained by *358 the owner, is an invitee to whom the owner owes the duty of exercising ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to inform the invitee of hazardous conditions of the premises and of activities thereon unknown by and not obvious to the invitee.”
On the other hand, the defendant claims, first, that, since the plaintiff was employed by an independent contractor in the performance of a contract with defendant and the contractor had knowledge of the real and potential dangers surrounding the performance of the contract, the duty to protect the plaintiff and its other employees from injury was the duty of the independent contractor and not the duty of the defendant, and, second, that the proximate cause of plaintiff’s injury was the negligent conduct of the plaintiff himself and his fellow employees, who comprised the iron workers crew engaged in unloading the car for Duffy.
Consequently, the defendant claims that the law applicable in the instant case is that expressed in Wellman v. East Ohio Gas Co., 160 Ohio St., 103, 113 N. E. (2d), 629, wherein this court held:
“1. Where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor’s employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor.
“2. One who engages an independent contractor to do work for him ordinarily owes no duty of protection to the employees of such contractor, in connection with the execution of the work, who proceeds therewith knowing and appreciating that there is a condition of danger surrounding its performance.”
*359 The Bosjnak case is distinguishable from the instant case in that in that case the defendant actually participated in the operations incident to and in connection with the erection of its building upon which the plaintiff was working for the independent contractor. Also, a change in the conditions inside the building created by the defendant made it necessary to operate the crane outside the building, which resulted in plaintiff’s injury. In other words, there was intermeddling by the defendant owner.
The giving of notice by the owner of premises to the employees of his independent contractors, who may come upon such premises, of all potential hazards which may exist thereon has its practical limitations and is not generally required.
It may be impracticable and well nigh impossible for a large manufacturing enterprise to give individual notices of danger, surrounding the performance of the work to be done, to many hundreds of employees who may be working in its plant for independent contractors. Their presence in the plant and their identities may be unknown to the plant management. Any large industrial plant must necessarily have within its confines many potentional hazards which can not be wholly eliminated and whose presence can not always be subject to notice. Each employee of an independent contractor is under the immediate direction and supervision of his own employer, and for this reason courts take the position that, where the employer of the independent contractor is not in immediate control of the employment area and does not participate in the operation thereon, notice to the independent contractor of hazards within the employment area is notice to his employees, as such independent contractor has the duty to transmit such notice or warning to his individual employees. Under such rule, if notice of dangerous conditions is given to the independent con *360 tractor, the employer of the contractor has performed his duty so far as it applies to the employees of the contractor. See Grace v. Henry Disston & Sons, Inc., 369 Pa., 265, 85 A. (2d), 118; Valles v. Peoples-Pittsburgh Trust Co., 339 Pa., 33, 13 A. (2d); 19; Storm, Admr., v. New York Telephone Co., 270 N. Y., 103, 200 N. E., 659; Hotel Operating Co. v. Saunders’ Admr., 283 Ky., 345, 141 S. W. (2d), 260.
It is apparent that this court in the Wellman case limited the rule, earlier announced in the Bosjnak case, to cases where the independent contractor and his employees enter upon the premises of the contractor’s employer as his invitees, unaware and uninformed of hidden dangers on the premises which had been created by the employer or of which he had full knowledge. Here Duffy and its employees had consented to work in an obviously dangerous environment, and in so doing it was Duffy’s lack of care, under the circumstances, which proximately caused plaintiff’s injury. It is to be noted that the work being performed was not directly with reference to construction on or repair of the premises themselves but was an incidental operation for the benefit of the independent contractor. It was the independent contractor’s and not the owner’s operation, and it was entirely under the supervision and control of the former. Kowalsky, Admx., v. Conreco Co., Inc., 264 N. Y., 125, 190 N. E., 206; Broecker, Admx., v. Armstrong Cork Co., 128 N. J. Law, 3, 34 A. (2d), 194.
In view of the circumstances of the performance of the work in question, we are of the opinion that the rule announced in the Wellman case applies, and that the trial court was justified in directing a verdict for the defendant. See American Steel & Wire Co. v. Sieraski, 119 F. (2d), 709.
The plaintiff claims also that the trial court erred in excluding evidence offered by the plaintiff that de *361 fendant’s agent had directed that the steel beams be unloaded in the area of the accident. This was not a controversial issue, and the evidence, if admitted, would have been merely cumulative. There was no prejudicial error in this respect.
The plaintiff claims also that the court erred in admitting defendant’s exhibit No. 1, which was the letter of the defendant to Duffy, under date of December 27, 1951, calling its attention to the energization of and consequent danger in the high-tension line, for the reason that, since the letter was not directed to the plaintiff or brought to his attention, it constituted a self-serving declaration and was, therefore, inadmissible.
If there was any duty upon the part of the defendant to warn of any dangers on its premises, it became its duty to warn its independent contractor of the same, and the evidence shows that such warning was transmitted at length to Duffy and through Duffy to the foreman in charge of the wort. Many authorities hold that notice to the independent contractor, where notice is necessary, is sufficient. See Wellman v. East Ohio Gas Co., and Storm v. New York Telephone Co., supra. There was no error in this respect.
For the reasons herein stated, the judgment of the Coujt of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Bell, J J., concur.
Tart, J., concurs in paragraphs one and two of the syllabus and in the judgment and would concur in paragraph three of the syllabus if the words, “is not in control of the work area, does not participate in the work,” were omitted.